# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PARNELL R. MAY                                                                                          PLAINTIFF

V.                                          4:19CV00255-KGB-JTK

ERIC HIGGINS, et al.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

### **DISPOSITION**

**I.  Introduction**

Plaintiff Parnell May is an inmate confined at the Pulaski County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action alleging Defendants failed to protect him from harm. (Doc. No. 2) This Court granted Plaintiff's Motion to Proceed in forma pauperis on April 19, 2019, and directed him to submit an Amended Complaint, noting that he failed to include any specific allegations of improper conduct by most of the Defendants (Doc. No. 3). Plaintiff has now submitted an Amended Complaint. (Doc. No. 6).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**II.  Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Facts and Analysis

Plaintiff alleges that while incarcerated in the Jail on March 3, 2019, Defendant Baggies, a Jail officer, granted Plaintiff's request to leave his cell and go to the cell of another inmate, Christian Powell, to communicate with him. (Doc. No. 6, p. 7)   Powell and Plaintiff ended up fighting, and Plaintiff was ultimately charged with and convicted of second degree assault in Pulaski County District Court. (Id., p. 13)   Plaintiff claims Defendant Baggies violated his due process and equal protection rights because he knowingly and deliberately violated a Jail policy which forbids inmates in administrative segregation from having contact with each other without physical restraints and security measurements. (Id., pp. 7-8) Plaintiff alleges Defendants Thompson and Freeman approved third degree assault charges filed against him by Baggies, and

Hendricks and Higgins failed to ensure that Plaintiff's rights were protected. (Id., p. 12) He also claims Defendant Brawley negligently obstructed the grievance process. (Id., p. 10)   Finally, he complains that prosecutors unlawfully amended the original charge of third degree assault to second degree assault in violation of his constitutional rights. (Id., p. 12)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   It is not clear to the Court whether Plaintiff was incarcerated as a pretrial detainee or convicted inmate (Doc. No. 6, p. 3); therefore, the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To support a failure to protect claim, Plaintiff must allege that Defendants acted with deliberate indifference to a substantial risk of harm to him, alleging that Defendants' acts objectively caused a sufficiently serious deprivation and that the Defendants had a subjectively culpable state of mind. Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir, 1998).    In this case, Plaintiff alleges that although Defendant Baggies approved his request to

visit the other inmate to communicate with him, this violated his rights because Plaintiff ended up involved in a fight and Jail policy allegedly forbids such contact. He does not claim that Defendant knew that Plaintiff would be at risk of harm in visiting with the other inmate, or that Defendant Baggies intentionally placed him in harm's way. In addition, "the mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). Therefore, the Court finds Plaintiff fails to state a claim for failure to protect.

Plaintiff's allegations against Defendants Higgins and Hendricks also should be dismissed, because he names them based on their supervisory positions only. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.") Plaintiff does not allege any personal knowledge and/or participation in the events which occurred by these two Defendants.

Plaintiff's complaints about Defendants' involvement in the criminal charges filed against him, without more, fail to state a constitutional claim for relief. And his claim of damages based

on his criminal conviction must fail pursuant to Heck v. Humphrey, 512 U.S. 477, 486-7 (1994). In Heck, the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of habeas corpus. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996). In this particular case, Plaintiff asks the Court to award damages based on his conviction of an improperly-amended charge but provides no evidence that his sentence has been called into question by issuance of a writ of habeas corpus. In addition, to the extent that Plaintiff is challenging the propriety of his conviction and the length or duration of a sentence received, such only is available through a petition for writ of habeas corpus after first exhausting state remedies. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). Again, Plaintiff does not indicate in his complaint that such state remedies have been pursued.

Plaintiff's allegation against Defendant Brawley, that he obstructed the grievance process, also fails to support a constitutional claim for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). In addition, Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

Finally, Plaintiff complains that he was denied equal protection because he was charged and convicted of a crime while Defendant Baggies was permitted to return to his job, despite the rule violations he committed. The Fourteenth Amendment equal protection clause requires the government "to treat similarly situated people alike." <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). Yet, "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." <u>Klinger v. Department of Corrections</u>, 31 F.3d 727, 731 (8th Cir. 1994). Plaintiff does not allege how he and Defendant Baggies were similarly-situated, and therefore, this allegation fails to state a constitutional claim for relief.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3. The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 29th day of April, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.