# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PARNELL R. MAY,                                                              PLAINTIFF

v.                          Case No. 4:19-cv-00255-KGB-JTK

ERIG HIGGINS, *et al.*                                                      DEFENDANTS

## ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 7). Plaintiff Parnell R. May filed objections to the Proposed Findings and Recommendations (Dkt. No. 8). After careful review of the Proposed Findings and Recommendations and Mr. May's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 7).

The Court writes separately to address Mr. May's objections. Judge Kearney recommends dismissal of Mr. May's failure to protect claim for failure to state a claim (*Id.*, at 5). Judge Kearney explains that Mr. May did not claim that Deputy Jerry Baggies knew that Mr. May would be at risk of harm in visiting with the other inmate or that Deputy Baggies intentionally placed him in harm's way (*Id.*). In his objection, Mr. May claims first that Deputy Baggies "admitted in open court" that he "knew that a physical altercation was possible. . ." and later claims that, "in criminal court on April 10th, 2019, the Deputy Jerry Baggies admitted that he knew a fight was likely." (Dkt. No. 8, at 1-2). Even if Deputy Baggies did know that a physical altercation between the inmates may occur, this Court agrees with Judge Kearney that Mr. May has failed to state a claim upon which relief may be granted. Mr. May asked to speak with another inmate, and Deputy Baggies allowed it. Although this may have been a policy violation, it is not enough to show that Deputy Baggies acted with deliberate indifference to a substantial risk of harm or that Deputy

Baggies had a subjectively culpable state of mind, which is required to prove a failure to protect claim. *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998).

In the Proposed Findings and Recommendations, Judge Kearney states that, "[Mr. May] complains that he was denied equal protection because he was charged and convicted of a crime while Defendant Baggie was permitted to return to his job, despite the rule violations he committed." (Dkt. No. 7, at 7). Judge Kearney recommends dismissal of the claim, explaining that Mr. May did not allege how he and Deputy Baggies were similarly situated (*Id.*). To the extent that Mr. May claims a violation of his right to equal protection compared to Deputy Baggies, the Court agrees with Judge Kearney that the allegation fails to state a constitutional claim for relief and should be dismissed.

This Court understands Mr. May's amended complaint to claim that he was not equally protected compared to the other inmate involved in the physical altercation. In his amended complaint, Mr. May states that the criminal assault charge brought against him violated his "right of equal protection of the laws, where that it was the inmate Christian Powell that had struck me first when I had stepped toward the entrance of his cell that is right next to my cell but he was not equally held responsible for his action of assault [third] degree." (Dkt. No. 6, at 8).

The Fourteenth Amendment equal protection clause requires the government "to treat similarly situated people alike." *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985). Yet, "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger v. Department of Corrections,* 31 F.3d 727, 731 (8th Cir. 1994). Mr. May does not allege how he and Mr. Powell were similarly situated. Based on the allegations before the Court, Mr. May admits that he approached Mr. Powell's cell first, but Mr. May maintains that Mr. Powell struck Mr. May first. Mr. May admits that, in response, he struck Mr. Powell (Dkt.

2

No. 6, at 7). It is not clear from these allegations that Mr. May and Mr. Powell were similarly situated. To the extent that Mr. May claims a violation of his right to equal protection compared to Mr. Powell, because Mr. May has failed to allege how he and Mr. Powell were similarly situated, the allegation fails to state a constitutional claim for relief.

It is therefore ordered that:

1. Mr. May's complaint and amended complaint against defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. Nos. 2, 6). The Court declines Judge Kearney's recommendation to dismiss with prejudice these claims at this stage of the litigation.

2. This dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act, pursuant to 28 U.S.C. § 1915A(a).

3. An *in forma pauperis* appeal from this Order would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

It is so ordered this 27th day of May, 2021.

_____
Kristine G. Baker
United States District Judge